PIERCE, Justice,
Concurring in Result:
¶21. Our decision today is troubling because its immediate result may be chaos. However, I agree that the Election Commission’s interpretation is permissible under our limited review.
¶ 22. The Majority notes that, effectively, no person qualified to run in this election and finds that in such a circumstance, the “write-in” provisions of Mississippi Code Section 23-15-365 are applicable. This section is implicated only when a candidate is removed from contention but whose name remains printed on the ballot.[2] So, I cannot agree with the Majority that Section 23-15-365 mandates a write-in election.
¶ 23. However, Mississippi Code Section 23-15-1015 mandates that a regular election occur. Miss.Code Ann. § 23-15-1015 (Rev.2007) While no statutory process may specifically address the rare circumstances of having no person has qualified to have his or her name printed on the ballot, we still face the question of whether the Election Commission reasonably interpreted the mandate in Section 23-15-1015 that an election be held. Giving the Election Commission the appropriate deference (and despite my reservations about the instant result of this decision) I cannot call its determination unreasonable.
¶24. Judge Evans’s death has left a void in Mississippi’s judicial system. Compounding this misfortune, the petitioners have no good way to select his replacement. Post-election challenges ranging from candidate qualifications to misspelled names[3] will be no surprise. However, the law requires a general election to occur, and the Election Commission has chosen this method in their particularized wjsdom. So, I concur in the result.
RANDOLPH, J., JOINS THIS OPINION IN PART.

. See Miss.Code Ann. § 23-15-365 (Rev. 2007).

. This possibility is not likely lost on our Secretary of State with his notoriously mispronounced first name.